



FILED

Oct 08 2019, 11:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-CR-557

## Rodney W. Falls,
*Appellant-Defendant,*

–v–

## State of Indiana,
*Appellee-Plaintiff*

---

Decided: October 8, 2019

Appeal from the Kosciusko Superior Court, No. 43D03-1802-F6-166
The Honorable Joe V. Sutton, Judge

On Petition to Transfer from the Indiana Court of Appeals,
No. 18A-CR-2948

---

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

A Kosciusko County jury convicted Rodney Falls of stalking, a Level 6 felony, for following college student A.G.'s vehicle for more than two hours as she attempted to evade him. Falls's relentless pursuit of A.G. ended only after she pulled into the parking lot of the Warsaw Police Department for the second time and sought help.

The Court of Appeals affirmed Falls's conviction and sentence. It held that, under the totality of the circumstances, Falls's actions fit the statutory definition of stalking, which requires repeated or continuing harassment, even though his actions took place over the course of less than three hours.

We grant transfer to reaffirm that a charge of stalking may be supported by conduct that is continuous in nature, even if it is a single episode.

## Background and Procedural History

On the morning of February 13, 2018, as 19-year-old A.G. was stopped at a red light during the trip from Valparaiso back to her college in the Warsaw area, she observed Falls waving from the vehicle next to her. A.G. ignored Falls, but she noticed that he immediately got behind her as she drove away, and continued to follow her—mimicking her actions, traveling down the same roads, and trailing closely behind her—for the next hour to hour and a half. Running low on gas but afraid she would be in danger if she stopped, A.G. decided to continue to Warsaw.

After exiting the highway in Warsaw, A.G. took a circuitous route, driving up and down the same side streets to ensure that it was not a coincidence that Falls continued to follow her. A.G. drove to the Warsaw Police Department for help, but when she parked in the station's parking lot, Falls pulled in between A.G.'s vehicle and the building entrance.

A.G. returned to the residential streets, and again, Falls followed her. A.G. called 911 to confirm that the police department was open, and then sped to the station to try to lose Falls. When she returned to the station,

she parked in the same parking space and quickly walked to the front door, only to see Falls park next to her vehicle and wave at her again.

The police chief's assistant, who earlier had observed the two vehicles pull into the parking lot and then quickly leave, saw A.G. walk into the station entrance looking "very frightened." She immediately buzzed A.G. into the building without first asking her to state her business, although this went against protocol. A sergeant went to talk with and subsequently arrest Falls for stalking. During a search of Falls's vehicle, which was impounded after his arrest, the sergeant found a baggie of marijuana.

Falls was charged with one count of Level 6 felony stalking and one count of Class B misdemeanor possession of marijuana. A jury found him guilty as charged, and Falls was sentenced to 30 months for the stalking conviction and six months, suspended to probation, for the possession of marijuana conviction.

The Court of Appeals affirmed, holding that the evidence was sufficient to support the stalking conviction because Falls's actions amounted to repeated or continuing harassment or impermissible contact. *Falls v. State*, 130 N.E.3d 618 (Ind. Ct. App. 2019). The decision rejected the contention that Falls had to follow A.G. "a certain number of times or for a certain number of hours in order for his actions to constitute stalking." *Id.* at 623.

## Discussion and Decision

In Indiana, stalking is defined as "a knowing or an intentional course of conduct involving repeated or continuing harassment of another person that would cause a reasonable person to feel terrorized, frightened, intimidated, or threatened and that actually causes the victim to feel terrorized, frightened, intimidated, or threatened." Ind. Code § 35-45-10-1. "Harassment" is "conduct directed toward a victim that includes but is not limited to repeated or continuing impermissible contact that would cause a reasonable person to suffer emotional distress and that actually causes the victim to suffer emotional distress." *Id.* § 35-45-10-2. And Indiana Code section 35-45-10-3 defines "impermissible contact" to include "[f]ollowing or pursuing the victim."

Six years after Indiana's anti-stalking statutes were enacted, the appellate courts addressed for the first time a situation in which the alleged act of stalking occurred over the course of less than one day. *Johnson v. State*, 721 N.E.2d 327, 332-33 (Ind. Ct. App. 1999), *trans. denied*. The Court of Appeals concluded that "the term 'repeated' in Indiana's anti-stalking law means 'more than once.'" *Id.* at 332-33. But it ultimately affirmed the defendant's stalking conviction, holding that his commission of harassing acts against the victim on three separate occasions over the course of a five-hour period constituted repeated acts of harassment.

Following *Johnson*, the Court of Appeals has issued at least two opinions addressing stalking charges in cases where the defendant's conduct was not repeated. *See C.S. v. T.K.*, 118 N.E.3d 78 (Ind. Ct. App. 2019) (reversing the defendant's stalking conviction where evidence supported one episode of harassment that lasted just a few minutes); *but see S.B. v. Seymour Community Schools*, 97 N.E.3d 288, 295-96 (Ind. Ct. App. 2018), *reh'g denied* (affirming the defendant's stalking conviction and finding that defendant's single act of standing outside a high school with a firearm and protest sign constituted "a course of conduct involving continuous harassment."), *trans. denied*.

Here, the Court of Appeals held that, under the totality of the circumstances, Falls's actions fit the statutory definition of stalking. *Falls*, 130 N.E.3d at 623. In support, it cited *Nicholson v. State*, 963 N.E.2d 1096, 1101 (Ind. 2012), in which we held that, absent a more specific statutory time frame, "the trier of fact should determine if the course of conduct involv[ed] repeated or continuing harassment." *Id.* at 1101. Applying *Nicholson*, the Court of Appeals found that "[t]here is no statutory definition of 'repeated,' so it was ultimately the jury's obligation to determine whether Falls's actions amounted to repeated or continuing harassment or impermissible contact." 130 N.E.3d at 624.

However, while the anti-stalking statutes themselves do not define "repeated," Indiana's appellate courts have long held that "the term 'repeated' in Indiana's anti-stalking law means 'more than once.'" *Nicholson*, 963 N.E.2d at 1101, citing *Johnson*, 721 N.E.2d at 332-33. This does not mean that Falls is entitled to acquittal—his actions of following

A.G. in his vehicle for two and one-half hours, despite her efforts to evade him, certainly fall within the statutory definition of "continuing harassment," which expressly includes "[f]ollowing or pursuing" the victim. I.C. §§ 35-45-10-1, -3. But because Falls's conduct was not "repeated," we grant transfer to clarify this portion of the Court of Appeals opinion and to reaffirm that a charge of stalking may be supported by conduct that is purely continuous in nature.

## Conclusion

We find that Falls's conduct on February 13, 2018 met the statutory definition of "continuing" harassment, thereby supporting his conviction for stalking as a Level 6 felony. We summarily affirm the Court of Appeals opinion in all other respects. *See* App. R. 58(A)(2).

All Justices concur.

ATTORNEY FOR APPELLANT, RODNEY FALLS
Donald R. Shuler
Goshen, Indiana

ATTORNEYS FOR APPELLEE, STATE OF INDIANA
Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana